**THIS OPINION HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Raymond Haselden, Sharon Haselden, Annie Raye Haselden, Faye Haselden, and The General Conference of the Free Will Baptist Church of the Pentecostal Faith, Appellants,

v.

New Hope Church, Randy Sharp, Johnnie Powell, Winston Haselden, and Donnis McDonald, Respondents.

Appellate Case No. 2012-213355

Appeal From Florence County
Thomas A. Russo, Circuit Court Judge

Unpublished Opinion No. 2014-UP-121
Heard March 6, 2014 – Filed March 19, 2014

**AFFIRMED**

Louis David Nettles, of Folkens Law Firm, P.A., of Florence, for Appellants.

Walker H. Willcox, of Willcox, Buyck, & Williams, P.A., of Florence, for Respondents.

**PER CURIAM:**  The General Conference of the Free Will Baptist Church of the Pentecostal Faith ("the Conference") appeals the circuit court's order granting summary judgment in favor of New Hope Church ("New Hope") on the grounds that New Hope owned the property on which it was situated free and clear of any legal interest claimed by the Conference.  We affirm pursuant to Rule 220(b), SCACR, and the following authorities:  Rule 56(c), SCRCP (stating that summary judgment is proper when no genuine issue exists as to any material fact and the moving party is entitled to judgment as a matter of law); *Jones v. Wolf*, 443 U.S. 595, 603 (1979) (stating that when resolving disputes over the ownership of church property, courts must rely "exclusively on objective, well-established concepts of trust and property law familiar to lawyers and judges."); S.C. Code Ann. § 62-7-401(a)(2) (Supp. 2013) ("To be valid, a trust of real property, created by transfer in trust or by declaration of trust, must be proved by some writing signed by the party creating the trust."); *All Saints Parish Waccamaw v. Protestant Episcopal Church in the Diocese of S.C.*, 385 S.C. 428, 449, 685 S.E.2d 163, 174 (2009) ("It is an axiomatic principle of law that a person or entity must hold title to property in order to declare that it is held in trust for the benefit of another or transfer legal title to one person for the benefit of another.").

**AFFIRMED.**

**WILLIAMS, KONDUROS, and LOCKEMY, JJ., concur.**